IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| IN RE:  WARREN HENNEKE, | § | CASE NO. 16-60035 |
| DEBTOR. | § | |
| | § | Chapter 7 |
| | § | |
| | § | Judge David Jones |

**HOLT TEXAS, LTD. D/B/A HOLT CAT'S OBJECTION
TO DEBTOR'S CLAIMS OF EXEMPTIONS**

> **NOTICE PURSUANT TO LOCAL RULE 9013-1**
>
> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE DAVID JONES, CHIEF U.S. BANKRUPTCY JUDGE:**

Holt Texas, Ltd. d/b/a Holt Cat ("Holt Cat"), is a creditor and party in interest in this matter.  Through the undersigned counsel, Holt Cat objects to the Debtor's claimed exemptions as detailed below and in support of this objection, Holt Cat respectfully provides the following:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (E).  Venue is proper in this Court pursuant to 28 U.S.C. §1409 as the Court in which the bankruptcy case is pending.

1

**PROCEDURAL BACKGROUND**

2. Warren Henneke ("Debtor") filed a Chapter 7 Petition on May 4, 2016.

3. Holt Cat is identified as Henneke's largest creditor.

4. On June 6, 2016, the § 341 meeting of creditors was held and continued. The meeting was continued until August 8, 2016; however, Holt Cat's attorney, Mr. Dewey Dalton, was out of the country and unable to attend the meeting. The § 341 meeting of creditors was concluded by the Trustee on that date. Therefore, this objection is timely filed pursuant to Fed. R. Bankr. P. 4003(b) and Fed. R. Bankr. P. 9006(a)(1).

5. Debtor filed schedules identifying certain real properties as being exempt pursuant to Texas Property Code § 41.002. In this regard, the Debtor listed a 4.136-acre tract of land that was given to him by his parents many years ago, as well as a noncontiguous 57-acre tract of land purchased in 2006 that is located approximately 3.5 miles from the Debtor's actual home site.

6. Based upon the Debtor's testimony during the creditors' meeting on June 6, 2016, the schedules filed, and on information and belief, Holt Cat objects to the claimed exemption on the noncontiguous 57-acre tract of land. It is believed that further discovery will substantiate the objections to Debtor's claimed exemption on this tract.[1]

**OBJECTION TO CLAIMED EXEMPTION FOR
NONCONTIGUOUS 57-ACRE TRACT OF LAND**

7. In 2006 Debtor purchased the 57-acre tract of land located on Highway 90 approximately 6 miles east of Hallettsville, Texas (the "57-acre Tract"). Based upon his

---

[1] Prior to filing Holt Cat's objection to Debtor's exemptions, Holt Cat's counsel requested an extension of the deadline for filing it for 60 days so that additional discovery could be conducted. Debtor's counsel would not agree to an extension of the deadline.

testimony at the 341 creditors' meeting, he and his wife paid $250,000.00 for the 57-acre Tract, and borrowed the money to do so. At some point thereafter, the Debtor paid off the loan against the property, and the 57-acre Tract is currently free and clear of any indebtedness. At the 341 meeting the Debtor testified when he bought the property, it was high fenced into two sections and had an old 1980 mobile home located on one part of it. At this point, without further discovery, Holt Cat is unaware of whether or not there was or was not a barn on the property at the time of the purchase. At the time of the bankruptcy filing, there was a barn on what appears to be the southwest corner of the 57-acre Tract; however, it does not appear that there is any office located in the barn or that any business is conducted from the barn. The Debtor testified that the mobile home located on the property is being occupied by a friend of his from Devon Oil and that he was not paying any rent. The Debtor further testified that there were approximately 80 fallow deer located in one high fenced area of the 57-acre Tract and that none of the fallow deer belonged to him. The Debtor stated that the other tract contained approximately 25 cows and that none of the cows belong to him. The Debtor further testified that he used his uncle's tractor to feed the fallow deer and cows, and that he did not receive any income or other type of remuneration for his services. Finally, the Debtor testified that the 57-acre Tract contributed no support whatsoever to his family. In this regard, the Debtor works for Devon Oil and his wife is employed as a physical therapist. There is no viable business being conducted on the 57-acre Tract; and this tract is not being used for the comfort, convenience or support of the Debtor's family or as a place of business for the head of the family. None of the animals located on the property belong to the Debtor, and based upon the Debtor's own testimony he is receiving no income for the time and expense he has to incur in feeding the fallow deer and cattle that belong to someone else. The only testimony at the 341 meeting concerning the use of this tract by the

Debtor was that at one time he baled hay on it. In light of the Debtor's testimony that the property was high fenced into two sections and the record in this case, Holt Cat believes that it is highly unlikely that the Debtor baled hay on the 57-acre Tract.

8. At one point the Debtor apparently did attempt to use this tract for the breeding of white-tailed deer. In this regard, he formed a company known as Overtime Whitetails, LLC, and he owned a one-half interest in that limited liability corporation. Overtime Whitetails, LLC purchased white-tailed deer from a breeder in Medina County, and the white-tailed deer were moved onto the 57-acre Tract. Unfortunately, most, if not all of the white-tailed deer purchased from the breeder in Medina County had Chronic Waste Disease ("CWD"). As a result of the CWD all of the white-tailed deer either died or were euthanized by the Texas Animal Control Commission, and the business of Overtime Whitetails, LLC was a disaster. Due to the CWD, the 57-acre tract has been quarantined for five (5) years.

9. Due to the quarantine, the 57-acre Tract has very little use for the comfort, enjoyment or convenience of the Debtor or his family.

10. Based upon information and belief, the 57-acre Tract does not contain a fishing lake for the family and is mostly an open tract with very few trees and is high fenced into two different sections. Based upon a limited testimony from the Debtor at the first meeting of creditors, this 57-acre Tract is not used, and cannot be used, for the comfort, convenience or support of the Debtor or his family. Based upon the Debtor's own testimony, he is not making any money off of the 57-acre Tract but is in fact losing money on the property.

11. Holt Cat would further show that the Debtor has at all times claimed the 4.136-acre tract as his homestead, and the Debtor has never filed a homestead exemption in Lavaca County for the 57-acre Tract. Moreover, on or about December 12, 2012, the Debtor's father

and mother conveyed to him in trust the 95.65-acres that are contiguous to his 4.136-acre homestead tract (the "Trust Property"). Debtor is the trustee of the trust, and he has full use of the Trust Property. The cattle mentioned in the Debtor's schedules herein, as well as the seven deer mentioned in the schedules, are located on the Trust Property and not the 57-acre Tract. Neither the 4.136-acre tract claimed as homestead or the Trust Property are in any way connected with the quarantine; and the Debtor is free to use the Trust Property for hunting, growing crops, cutting firewood, fishing or conducting any other recreational purpose.

12. On October 13, 2015, Holt Cat abstracted its Judgment in Lavaca County, Texas.[2] Upon information and belief, the Debtor filed his bankruptcy in an attempt to hinder, delay and defraud Holt Cat from foreclosing its judgment lien on the 57-acre Tract.

## RELIEF REQUESTED

13. Since the 57-acre Tract is not used by the Debtor for the comfort, convenience or support of his family, the 57-acre Tract should be held not exempt under Texas Property Code § 41.002.

WHEREFORE, PREMISES CONSIDERED, Holt Texas, Ltd. d/b/a Holt Cat respectfully requests that upon final consideration or hearing, the Court enter an Order sustaining its objection to the Debtor's claim that the 57-acre Tract is exempt, and it further prays for such further relief to which it may be entitled at law or in equity.

---

[2] In 2015, Holt Cat commenced a collection action against the Debtor in the 44th District Court of Dallas County, Texas, in Cause No. DC-15-06832 (the "District Court Action") on various claims. In the District Court Action, judgment was entered for Holt Cat and against the Debtor in excess of $700,000.

RESPECTFULLY SUBMITTED,

**JONES, ALLEN & FUQUAY, L.L.P.**
8828 GREENVILLE AVE.
DALLAS, TX 75243
214.343.7400
214.343.7455 - FACSIMILE


BY: _/s/ Dewey M. Dalton_
    **DEWEY M. DALTON**
    OF COUNSEL
    STATE BAR NO. 05334000
    DMD@DALTONLAWFIRM.NET
    **LAURA L. WORSHAM**
    STATE BAR NO. 22008050
    LWORSHAM@JONESALLEN.COM

AND

**THERESA MOBLEY**
STATE BAR NO. 14238600
**CAGE, HILL & NIEHAUS, L.L.P.**
5851 SAN FELIPE, SUITE 950
HOUSTON, TX 77057
713.789.0500
713.974.0344 - FACSIMILE

ATTORNEYS FOR CREDITOR
**HOLT TEXAS, LTD. D/B/A HOLT CAT**

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that on September 2, 2016, a true and correct copy of the foregoing Objection to Debtor's Claims of Exemptions was served on Debtor, Debtor's Counsel, the Chapter 7 Trustee, and parties in interest as identified on the attached service list either electronically or via U.S. Mail, postage prepaid, addressed as follows:

**Debtor**
Warren Henneke
7008 County Road 132
Hallettsville, TX  77964

**Attorney for Debtor**
Michael Baumer
Law Office of Michael Baumer
7600 Burnet Road, Suite 530
Austin, TX  78757

**Chapter 7 Trustee**
Michael B. Schmidt
401 Grant Place
Corpus Christi, TX  78411

*/s/ Theresa Mobley*