IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

IN RE: WARREN HENNEKE          §          CASE NO. 16-60035
           DEBTOR

**TRUSTEE'S EMERGENCY AGREED 9019 MOTION FOR APPROVAL OF SETTLEMENT WITH CO-PLAINTIFFS IN STATE COURT LAWSUIT**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**THERE WILL BE A HEARING ON THIS MOTION ON _____ AT _____ _____.M. IN _____, TEXAS.**

   **COMES NOW**, Michael B. Schmidt, Chapter 7 Bankruptcy Trustee ("Trustee") and files this Emergency Agreed 9019 Motion for Approval of Settlement (the "Motion") with Carlos Y. Benavides, individually, and on behalf of Elm-Rush, Ltd ("Benavides"); Jason Wauson, individually, and as representative of Overtime Whitetails, LLC ("Overtime"), Sarah Wauson, individually, and as representative of GT Whitetails ("GT") and Grissom & Thompson, along with Geoffrey S. Connor, (Law Offices of Geoffrey S. Connor) attorneys ("Attorneys"). An emergency hearing is requested because without approval of this Settlement, the Estate will miss an opportunity to obtain funds from existing litigation in the Texas District Court.  This Motion is as follows.

   1.   Debtor filed his Voluntary Chapter 7 Bankruptcy Petition on May 4, 2016. Thereafter Michael B. Schmidt was appointed the Chapter 7 Trustee in the Case (the "Trustee"). A part of Debtor's non-exempt property, which is property of the estate, includes 500 shares of

stock in Overtime Whitetails, LLC (the "Stock") and all of the estate's existing and potential claims and causes of action against Defendants, Robert Patterson, et al, in the pending lawsuit, *Overtime Whitetails, LLC, et al v. Robert Patterson, et al,* Cause No. C-2016-0577-A, in the District Court, 22th Judicial District of Comal County, Texas (the "Lawsuit"), sometimes, hereafter collectively referred to as the "Trustee's Overtime Assets". The other 500 shares of Overtime Whitetails, LLC are owned by Jason and Sarah Wauson. The Debtor, and thus the Trustee is a co-plaintiff, with Overtime Whitetails, LLC and Benavides in the Lawsuit. Overtime is without funds and its share of the costs of the Lawsuit has been paid and borne by GT, another company owned by Jason and Sarah Wauson. Debtor has not paid, other than a small amount pre-petition, and the Trustee is unable to pay the estate's share of the costs of the Lawsuit or any portion of Overtime's share of such costs. The Attorneys represent all co-plaintiffs in the Lawsuit, including the Trustee, on a 30% contingency fee. This Court has approved the Attorneys as special counsel for the Trustee on a 30% contingency fee.

  2. Pre-petition, the Debtor, Benavides and Overtime entered into an *Agreement For Pursuing Claims Against Patterson Energy of Texas, LLC, et al*, (the "Participation Agreement") which provides for participation in prosecution of the Lawsuit and responsibility for all expenses of such prosecution in the proportion 9.09% by Benavides; 72.72% by Whitetail; and 18.18% by the Debtor. As mentioned above, the expenses of the Lawsuit have been in the most part paid and borne by Benavides and Whitetail (through GT). The Trustee's share of these expenses would be 54.5% and estimated to be 54.5% of $90,000. This Participation Agreement also requires that no settlement agreement will be entered into without the unanimous consent of the co-plaintiffs. The Co-Plaintiffs are asserting this lack of payment by the Debtor and the Trustee as a violation of the Participation Agreement.

3. Two mediations have taken place regarding the Lawsuit paid for by Benavides and Overtime. The Trustee has not paid for any fees of the mediators. The first mediation was concluded without a settlement. The Trustee participated by phone in the second mediation on January 17, 2018 and it adjourned without settling. However, on January 19, 2018 settlement terms have been offered that are acceptable to Benavides and Whitetail, as well as the Attorneys. The Trustee, however, is unable to accept some of the offered terms, namely the maintaining of confidentiality and non-disclosure and indemnification. Otherwise, the Trustee believes the terms are fair.

4. The Trustee has reached a settlement with Benavides; Overtime; Jason Wauson, individually and as representative of Overtime; Sarah Wauson, individually and as representative of GT; and Attorneys. This Settlement fully and globally settles and compromises all of the disputes between the Trustee with Benavides, Overtime, Jason and Sarah Wauson; and the Attorneys regarding the payment of the expenses of the Lawsuit and the Trustee's inability to accept the defendants' settlement terms requiring the maintaining of confidentiality and non-disclosure and indemnification. The parties now seek this Court's approval of this Settlement. This Motion is being served on all creditors and parties in interest.

### Terms of Proposed Settlement With Co-Plaintiffs

5. The Trustee's Overtime Assets shall be sold to Benavides and Wauson ("Buyers"), for payment to the Trustee of Eighty Seven Thousand Dollars ($87,000.00). This $87,000.00 shall be deposited into the IOLTA account of the Attorneys and they shall account to and pay to the Trustee these funds without deduction of any amounts. All of the Plaintiffs (including the Trustee) in *Overtime Whitetails, LLC, et al v. Robert Patterson, et al,* are represented by the "Attorneys. Any settlement of the Lawsuit shall also provide for release by

3

the defendants therein of all claims and potential claims they may have against the Trustee and this Estate.

6. As further consideration, Benavides; Overtime; Jason Wauson, individually, and as representative of Overtime; Sarah Wauson, individually, and as representative of GT; and Attorneys shall forever release, remise, cancel, acquit and discharge the Trustee (and his professionals), and this Bankruptcy Estate, from any and all claims, demands, or suits, known or unknown, fixed or contingent, liquidated or unliquidated, whether or not asserted through the effective date of the Order approving this Settlement, arising in this Bankruptcy Case and the Lawsuit. The releases in this Settlement shall also run to and inure to the benefit of Schmidt's attorneys, agents, employees, heirs, assigns, and legal representatives including the Law Offices of Michael B. Schmidt (and Michael B. Schmidt).

7. As further consideration, the Trustee and this Estate shall forever release, remise, cancel, acquit and discharge Benavides; Overtime; Jason Wauson, individually and as representative of Overtime; Sarah Wauson, individually and as representative of GT; and Attorneys from any and all claims, demands, or suits, known or unknown, fixed or contingent, liquidated or unliquidated, whether or not asserted through the effective date of the Order approving this Settlement arising in this Bankruptcy Case and the Lawsuit. The releases in this Settlement shall also run to and inure to the benefit of their attorneys, agents, employees, heirs, assigns, and legal representatives including the Grissom &Thompson (and Don Grissom and William Thompson).

## Merits Of Compromise

8. The merits of a proposed compromise should be judged under the criteria set forth in *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S.

414 (1968). *TMT Trailer* requires that a compromise must be "fair and equitable."*TMT Trailer*, 390 U.S. at 424; *In re Aweco, Inc.,* 725 F.2d 293, 298 (5th Cir.), cert. denied, 469 U.S. 880 (1984). The terms "fair and equitable" mean that senior interests are entitled to priority over junior interests. *TMT Trailer*, 390 U.S. at 441-1 *Aweco*, 725 F.2d at 298.

9. In determining whether a proposed compromise is fair and equitable, the Court should consider the following factors:

- the probabilities of ultimate success should the claim be litigated;
- the complexity, expense, and likely duration of litigating the claim;
- the difficulties of collecting a judgment rendered from such litigation; and,
- all other factors relevant to a full and fair assessment of the wisdom of the compromise.

*TMT Trailer*, 390 U.S. at 424. The Trustee believes that the proposed settlement satisfies the requirements established by the Supreme Court in *TMT Trailer*.

### Analysis of Proposed Compromise

10. <u>Probabilities of Ultimate Success.</u> Based upon the terms and requirements of the Participation Agreement, and the issues that the parties could be required to litigate, without this Settlement, Trustee believes that his probability of success on the merits has risk. This Settlement ends what could be years of litigation, and numerous appeals. The Settlement provides the Estate with a fair price, without the further duty of participating in the Lawsuit, and releases the Trustee and this Estate from funding the Lawsuit and further participation in it. It also releases the Estate, the Trustee and his professionals from any claims the Co-Plaintiffs (and individual owners) may have (if any). The Trustee believes the proposed Settlement is in the best interest of the Estate and its creditors.

11. <u>Complexity, Expense and Likely Duration</u>.  The issues are complex and novel. The Trustee believes that without this Settlement the defendants settlement terms would be withdrawn and the Lawsuit will have to proceed with the resulting expense and risk associated with prosecution of it. In that event, there may arise further litigation involving the Participation Agreement between the Trustee and the Co-Plaintiffs. This double litigation without this Settlement would be lengthy and costly and appeals would be likely and result in more complexity, duration and costs.

12. <u>Difficulties of Collection</u>.  Trustee believes that collection is an issue and that collection of the amounts involved has risk that they cannot be feasibly collected if the Lawsuit must be pursued.

Accordingly, Trustee requests that this Court approve the proposed Settlement set forth above and for such other relief as is just.

        Respectfully submitted:

        LAW OFFICES OF MICHAEL B. SCHMIDT

        By: /S/MICHAEL B. SCHMIDT
           Michael B. Schmidt
           401 Grant Pl.
           Corpus Christi, Texas 78411
           Phone: 361-884-9949, ext. 200
           Fax: 361-884-6000
           TBN: 17775200 / FBN 10260
           ATTORNEY FOR TRUSTEE

AGREED:

/S/JASON WAUSON
Jason Wauson, individually and
As representative of Overtime
Whitetails, LLC

/S/SARAH WAUSON
Sarah Wauson, individually and
As representative of GT Whitetails


/S/CARLOS Y. BENAVIDES
Carlos Y. Benavides, individually,
and on behalf of Elm-Rash, Ltd.


/S/DONALD H. GRISSOM
Donald H. Grissom, individually,
and on behalf of Grissom & Thompson

/S/WILLIAM W. THOMPSON
William W. Thompson,
and on behalf of Grissom & Thompson


/S/GEOFFREY S. CONNOR
Geoffrey S. Connor, individually
and on behalf of the Law Offices
of Geoffrey S. Connor


## CERTIFICATE OF SERVICE

I do hereby certify that on the 26th day of January, 2018, I served a copy of the Trustee's Motion for Approval of Settlement Agreement via electronic mail system to the persons on the attached list.

/S/MICHAEL B. SCHMIDT
Michael B. Schmidt

7

```
HOLT Texas, Ltd. d/b/a Holt Cat        Recovery Management Systems Corporation
c/o Dewey M. Dalton                    25 S.E. 2nd Avenue
8828 Greenville Ave.                   Suite 1120
Dallas, TX 75243-7143                  Miami, FL 33131-1605


Dewey Dalton                           General Electric Capital Corp
Jones, Allen, Fuquay                   PO Box 3083
8828 Greenville Ave                    Cedar Rapids, IA 52406-3083
Dallas, TX 75243-7143


Hitachi                                Holt Texas, LTD DBA Holtcat
800 Connecticut Ave                    John Burke
Norwalk, CT 06854-1738                 2000 E Airport Freeway
                                       Irving, TX 75062-4831


Jason Wauson                           Lavaca County                            Peoples State Bank
108 County Road 333                    c/o Diane W. Sanders                     P.O. Box 347
Shiner, TX 77984-5658                  Linebarger Goggan Blair & Sampson, LLP   Hallettsville, TX 77964-0347
                                       P.O. Box 17428
                                       Austin, TX 78760-7428


Reed Smith LLP                         Simplot Grower Solutions                 TDECU
811 Main St #1700                      PO Box 323                               1001 FM 2004
Houston, TX 77002-6110                 Hallettsville, TX 77964-0323             Lake Jackson, TX 77566-4027


Transportation Truck & Trailer Solutions   US Trustee                           William W. Thompson, III
300 E John Carpenter Fwy               Office of the US Trustee                 Grissom & Thompson LLP
Irving, TX 75062-2727                  515 Rusk Ave                             509 W.12th Street
                                       Ste 3516                                 Austin, TX 78701-1818
                                       Houston, TX 77002-2604


Michael Baumer                         Michael B Schmidt                        Warren Henneke
Law Office of Michael Baumer           401 Grant Pl                             7008 CR 132
7600 Burnet Road                       Corpus Christi, TX 78411-1635            Hallettsville, TX 77964-4672
Ste 530
Austin, Tx 78757-1269
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

IN RE: WARREN HENNEKE　　　　　§　　　CASE NO. 16-60035
　　　　　DEBTOR

## ORDER APPROVING SETTLEMENT AGREEMENT

Before the Court for consideration is the Trustee's Motion (the "Motion") for Approval of Emergency Agreed 9019 Motion for Approval of Settlement (the "Motion") with Carlos Y. Benavides, individually, and on behalf of Elm-Rush, Ltd ("Benavides"); Jason Wauson, individually, and as representative of Overtime Whitetails, LLC ("Overtime"), Sarah Wauson, individually, and as representative of GT Whitetails ("GT") and Grissom & Thompson, attorneys ("Attorneys"), as set forth in the Motion. The Court having considered the Motion, the evidence, and the Settlement, finds that the Settlement has been entered into in good faith, is in the best interest of the Estate and its creditors and that it represents the settlement of disputed claims. The Court finds that the Motion is meritorious and **IT IS HEREBY GRANTED.**

The Court finds it has jurisdiction over this matter as the Trustee seeks approval of this settlement pursuant to Rule 9019 FRBP and because the subject of the disputes being settled are disputed claims involving "property of the Estate" and the settlement will have a conceivable effect upon this Bankruptcy Estate.

Upon consideration and evaluation of (i) the probability of success regarding the disputes; (ii) the uncertainty in the factual questions and the legal issues raised in the litigation; and (iii) the complexity and duration of the litigation and the costs and expenses associated therewith, the inconvenience and delay; the Court concludes that the Settlement is fair,

reasonable and equitable and in the best interests of the estate and its creditors and should be approved. The Settlement meets all of the criteria set forth in *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968).

The sale of the Trustee's Overtime Assets, as defined in the Motion, shall be "AS IS," and neither the Trustee or the Estate shall be liable to the Carlos Y. Benavides, individually, and on behalf of Elm-Rush, Ltd; Jason Wauson, individually, and as representative of Overtime Whitetails, LLC; Sarah Wauson, individually, and as representative of GT Whitetails; and Grissom & Thompson, attorneys, for any liens, claims or interest asserted against the Trustee's Overtime Assets.

**IT IS FURTHER ORDERED** the Trustee, Carlos Y. Benavides, individually, and on behalf of Elm-Rush, Ltd; Jason Wauson, individually, and as representative of Overtime Whitetails, LLC; Sarah Wauson, individually, and as representative of GT Whitetails; and Grissom & Thompson, attorneys  shall take such other action as may be necessary to carry out the intents and purposes of the approved Settlement.  Further, the Settlement and each of its terms and conditions shall, upon entry of this Order, become binding upon the Trustee (and his counsel), Carlos Y. Benavides, individually, and on behalf of Elm-Rush, Ltd; Jason Wauson, individually, and as representative of Overtime Whitetails, LLC; Sarah Wauson, individually, and as representative of GT Whitetails; and Grissom & Thompson, attorneys and all creditors and parties in interest.

**IT IS SO ORDERED.**

DATED:

_____
David R. Jones
United States Bankruptcy Judge